IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESIREE MURILLO,

      Plaintiff,                       No. 2:09-cv-03117 GEB KJN

     v.

CITY OF WOODLAND; RYAN PIERCY; CASEY SULLIVAN; and DOES 1 to 40, Inclusive,

      Defendants.                 <u>ORDER</u>

        Presently before the undersigned is a Stipulation For Protective Order to Maintain Confidentiality of Documents and [Proposed] Order filed by plaintiff, defendant City of Woodland, and defendant Piercy on June 2, 2010. (Dkt. No. 33.) It does not appear that defendant Sullivan is a party to the stipulation. The undersigned will not approve the parties' stipulation and proposed protective order, but will consider a revised proposed stipulated protective order that conforms to the court's Local Rules and addresses the concerns identified below.

        First, the parties' stipulation does not contain the provisions required by Local Rule 141.1(d), which became effective June 1, 2010. <u>See</u> General Order 492 (June 1, 2010). The undersigned is particularly concerned that the parties have not explained "why the need for

protection should be addressed by a court order, as opposed to a private agreement between or among the parties." Local Rule 141.1(d)(3).

Second, it is unclear from the proposed stipulated protective order whether the parties intend that the marking of material as "confidential" pursuant to the protective order would automatically result in an order sealing such materials filed with the court. (See Dkt. No. 33 at 2:20-27.) The parties are required to file a request to seal in accordance with the court's Local Rules, including Local Rule 141, and the Federal Rules of Civil Procedure notwithstanding the existence of a protective order. Local Rule 141.1(f) ("Documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliance with L.R. 141."). Moreover, the proposed protective order appears to seek approval of a provision that would permanently seal documents filed with the court. (See Dkt. No. 33 at 2:20-22.) The undersigned will not approve such a provision as drafted, which conflicts with the court's Local Rules. See, e.g., Local Rule 141(f) ("Upon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed. See Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1.").

For the foregoing reasons, the undersigned denies the parties' request for approval of the proposed stipulated protective order. However, this denial is without prejudice to the filing of a revised stipulation and proposed protective order that conforms with all of the court's Local Rules and addresses the concerns highlighted above. The undersigned recommends that, at a minimum, the parties review Local Rules 140, 141, and 141.1, some of which were recently

////
////
////
////
////
////

1  amended or adopted by the court, prior to executing and filing any subsequent stipulation and
2  proposed protective order.
3          IT IS SO ORDERED.
4  DATED: June 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE