IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESIREE MURILLO,

      Plaintiff,

      v.

CITY OF WOODLAND; RYAN PIERCY; CASEY SULLIVAN; and DOES 1 to 40, Inclusive,

      Defendants.

No. 2:09-cv-03117 KJN

ORDER

/

This order addresses several documents recently filed by the parties that have created confusion in regards to the parties' intentions in this case. Those documents are: (1) defendant City of Woodland's ("City") motion for summary adjudication (Dkt. No. 52), which noticed a hearing date of May 5, 2011; (2) plaintiff's ex parte request for a 30-day continuance of the hearing and briefing schedule on the City's motion for summary adjudication, which also represents that the City has agreed to an unspecified, "reasonable continuance" (Dkt. No. 58); (3) the parties' stipulation and proposed order requesting until May 20, 2011, to conduct expert depositions (Dkt. No. 59); and (4) the parties' stipulation and proposed order requesting that the court set a settlement conference in this case, but not until after the May 5, 2011 hearing on City's motion for summary adjudication (Dkt. No. 60).

1   The court herein denies plaintiff's request for a continuance and does not approve
2   the parties' stipulations, but without prejudice to the refiling of a single stipulation or other
3   appropriate document that seeks relief relative to plaintiff's request for a continuance and the
4   parties' stipulations.
5   First, it is entirely unclear to the court what the parties have agreed to in regards to
6   the hearing date on the City's motion for summary adjudication.  On April 7, 2011, the City
7   noticed its motion for a hearing to take place on May 5, 2011.  On April 8, 2011, plaintiff filed an
8   ex parte request asking the court to continue the hearing on the City's motion by 30 days, and
9   representing that "the defense counsel for the moving party has agreed to a reasonable
10  continuance to provide plaintiff with adequate time to prepare a response to said motion."  (Req.
11  for Continuance ¶¶ 3-4.)  That request is not signed by counsel for the City.  Also on April 8,
12  2011, the parties filed a stipulation that seeks a settlement conference, but requests a date after
13  the May 5, 2011 hearing on the City's motion for summary adjudication, thereby suggesting that
14  the parties intend the hearing to still occur on that date.  However, plaintiff has represented that
15  she and the City have agreed on an unspecified continuance of the hearing on that motion, which
16  necessarily impacts when the court would conduct a settlement conference.  In short, the court
17  cannot sort out the parties' agreement in relation to the date of the hearing on the City's motion
18  for summary adjudication.
19  Second, one of the parties' stipulations requests that the court extend the time for
20  the parties to conduct expert depositions until May 20, 2011.  However, the court's Status
21  (Pretrial Scheduling) Order provides that "[a]ll discovery shall be *completed* by March 17,
22  2011."  (Status (Pretrial Scheduling) Order at 4:2, Dkt. No. 43.)  Thus, the time to conduct expert
23  depositions has already passed.  Although the parties were granted an extension of the deadlines
24  to *disclose* expert witnesses and rebuttal expert witnesses to January 31, 2011, and February 14,
25  2011, respectively (see Order, Jan. 11, 2011, at 2, Dkt. No. 47), the parties did not request or
26  receive an extension of the March 17, 2011 discovery completion deadline, upon a showing of

good cause.  The parties had at least between February 14, 2011, and March 17, 2011, in which to take expert depositions.  Accordingly, the court will not extend the already-expired discovery completion deadline without a further showing of good cause to modify the court's scheduling order.  The parties are reminded that an "*[a]greement by the parties pursuant to stipulation does not constitute good cause.*  Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause."  (Status (Pretrial Scheduling) Order at 8:12-14.)

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a continuance of the hearing date and briefing schedule on defendant City of Woodland's motion for summary adjudication (Dkt. No. 58) is denied without prejudice.

2. The parties' stipulation and proposed order requesting until May 20, 2011, to conduct expert depositions (Dkt. No. 59) is not approved, but without prejudice.

3. The parties' stipulation and proposed order requesting that the court set a settlement conference in this case after the May 5, 2011 hearing on defendant City of Woodland's motion for summary adjudication (Dkt. No. 60) is not approved, but without prejudice.

4. If the parties still desire to alter the hearing, briefing, or scheduling dates in this case, they shall do so in a single document that clearly represents the parties' agreement as to the alteration of any such date.  Insofar as any request to alter the discovery completion deadline in this case, the parties shall identify the good cause that supports such a request.

////
////
////
////
////

5. In regards to the date of any requested settlement conference, the parties shall contact the undersigned's Courtroom Deputy, Matt Caspar, at (916) 930-4187, to schedule a mutually agreeable date.

IT IS SO ORDERED.

DATED: April 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE