IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESIREE MURILLO,

      Plaintiff,                   No. 2:09-cv-03117 KJN[1]

      v.

CITY OF WOODLAND, et al.,

      Defendants.              ORDER TO SHOW CAUSE

_____/

      This order addresses plaintiff's failure to file a timely written opposition to defendants City of Woodland's ("City") motion for summary adjudication. On April 7, 2011, the City filed a motion for summary adjudication pursuant to Federal Rule of Civil Procedure 56 and noticed that motion for a hearing to take place before the undersigned on May 5, 2011.[2] (See Mot. for Summ. Adjudication, Dkt. No. 52.) On April 8, 2011, plaintiff filed an ex parte request for an unspecified continuance of the hearing on the City's motion for summary adjudication, and the parties also filed two stipulations and proposed orders that would have affected the

---

[1] This action proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of a United States Magistrate Judge (Dkt. Nos. 13, 14, 35). See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301.

[2] As provided in the Status (Pretrial Scheduling) Order in this case, "[a]ll law and motion, except as to discovery-related matters, shall be completed by May 12, 2011. The word 'completed' in this context means that all law and motion matters must be heard by the above date." (Status (Pretrial Scheduling) Order at 3, Dkt. No. 43.)

scheduling in this case. (See Dkt Nos. 58-60.) The undersigned denied plaintiff's ex parte request and did not approve the stipulations because the confusing substance contained in this series of documents left the court unable to discern exactly what the parties actually desired in terms of scheduling relief; however, the denial and non-approvals were without prejudice. (Order, Apr. 11, 2011, Dkt. No. 61.) Plaintiff did not renew her request for a continuance, and the parties did not submit revised stipulations. Thus, the City's motion remains on the undersigned's law and motion calendar for May 5, 2011. Additionally, defendant Ryan Piercy filed a two-page Joinder In Motion for Summary Adjudication, which piggy-back's on the motion filed by the City. (Joinder, Apr. 20, 2011, Dkt. No. 62.)

    Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the City's motion, as well as a response to the City's Statement of Undisputed Facts (Dkt. No. 56), at least fourteen days prior to the hearing date, or April 21, 2011. See E. Dist. Local Rules 230(c), 260(b), (f).[3] The court's docket reveals that plaintiff failed to file a written opposition to the City's motion, a statement of non-opposition, and/or a response to the City's Statement of Undisputed Facts.

    Eastern District Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Case law is in accord that a district court may impose sanctions, *including involuntary*

---

[3] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135.

*dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[4]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on the City's and Piercy's motion for summary adjudication (Dkt. Nos. 52, 62), which is presently set for May 5, 2011, is continued until Wednesday, May 11, 2011, at 10:00 a.m., in Courtroom 25.  This hearing is specially set because the undersigned does not have a law and motion calendar on Thursday, May 12, 2011, which would have been the undersigned's usual civil law and motion hearing date.

2. Plaintiff shall file a written opposition to the City's motion for summary

---

[4]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010), cert. denied, 131 S. Ct. 422 (2010).

adjudication, which has been joined by Piercy, or a statement of non-opposition thereto, on or before April 27, 2011.  *Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motions and consent to the granting of the motion for summary adjudication; it shall also constitute an additional ground for the imposition of appropriate sanctions, including involuntarily dismissal of plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

3. The City and Piercy may file written replies to plaintiff's opposition, if any, on or before May 5, 2011.

4. *In the alternative*, the parties may file a stipulation and proposed order that jointly requests a continuance of the specially set May 11, 2011 hearing.  With any such stipulation and proposed order, if filed, the parties shall also address the need to modify the scheduling order in this case, including the continuance of the final pretrial conference and trial date.

5. Regardless of the option chosen by the parties, plaintiff shall file, on or before April 27, 2011, a written statement showing cause why sanctions, including dismissal of plaintiff's case, should not be imposed on plaintiff and/or her counsel for plaintiff's failure to prosecute her case and comply with the Federal Rules of Civil Procedure and the court's Local Rules.

6. Regardless of the option chosen by the parties, Piercy shall file, on or before April 27, 2011, a statement providing the procedural basis by which he joins in the City's motion for summary adjudication.

IT IS SO ORDERED.

DATED: April 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE