IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DESIREE MURILLO,

        Plaintiff,                      No. 2:09-cv-03117 KJN

    v.

CITY OF WOODLAND; RYAN PIERCY; CASEY SULLIVAN; and DOES 1 to 40, Inclusive,

        Defendants.              ORDER
_____/

        Presently before the court is plaintiff's unopposed Request to Seal Documents ("Request to Seal"), which seeks the withdrawal and the refiling under seal of the documents contained in Exhibit B to plaintiff's already-filed opposition to defendant City of Woodland's motion for summary adjudication, except those pages of Exhibit B stamped "793-798." (See Req. to Seal Documents at 1, Dkt. No. 71.) Apparently, plaintiff's filing of the majority of Exhibit B violates a stipulated protective order entered into by the parties, and plaintiff recognized this violation only after being contacted by plaintiff's counsel. (See id. at 2.) Although plaintiff's Request to Seal does not comply with this court's Local Rule 141, the undersigned provisionally grants plaintiff's Request to Seal.

        Requests to file documents under seal are governed by Local Rule 141. In

relevant part, Local Rule 141(b) provides:

> The "Request to Seal Documents" shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information. . . . The documents for which sealing is requested shall be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request.

Here, plaintiff's Request to Seal does not conform with Local Rule 141 in that the pages in Exhibit B are not consecutively paginated. However, because all of the documents at issue are contained in a single exhibit and in a single document entry (Dkt. No. 64, Doc. No. 64-2), the court is able identify the documents without reference to their content.[1]

More significantly, plaintiff cites the parties' private stipulated protective order as the basis for the sealing of the documents in question. However, plaintiff failed to submit a copy of that stipulated protective order to the court and, therefore, the court cannot fully ascertain the precise basis for the Request to Seal. Nevertheless, upon review of the documents in question, the undersigned concludes that the provisional sealing of the documents in question is legally justified without further delay. That said, the court orders plaintiff to lodge a copy of the stipulated protective order with the court. Such lodging might assist plaintiff in meeting her burden to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E. Dist. Local Rule 141(b). If that stipulated protective order does not satisfy Local Rule 141, the court will revoke or amend this sealing order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Request to Seal Documents (Dkt. No. 71) is provisionally

---

[1] Notably, although plaintiff's Request to Seal seeks the sealing of 66 pages of Exhibit B, Exhibit B consists of 90 pages, six pages of which are the pages stamped "793-798," and seven pages of which consist of non-substantive page breaks and pages identifying the exhibit. Thus, there is an apparent discrepancy between the 87 potentially "sealable" pages in Exhibit B, and the 66 pages identified by plaintiff. Because the court orders plaintiff to resubmit all of Exhibit B, whether under seal or not, the court need not address this apparent inconsistency.

2

1 granted.[2]

2. The Clerk of Court is directed to withdraw the entire "Exhibit B" to plaintiff's opposition to the City of Woodland's motion for summary adjudication from the court's public docket. *Exhibit B is docketed as Document 64-2 in docket entry 64.*

3. On or before May 3, 2011, plaintiff shall re-file the non-confidential pages stamped as "793-798" as Amended Exhibit B to plaintiff's opposition to the City of Woodland's motion for summary adjudication.

4. On or before May 3, 2011, plaintiff shall re-submit to the court the documents that are the subject of this sealing order, and shall do so in conformity with Local Rule 141(e).

5. On or before May 3, 2011, plaintiff shall lodge with the court a copy of the parties' stipulated protective order that is referenced in plaintiff's Request to Seal.

IT IS SO ORDERED.

DATED: April 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are reminded that "[u]pon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed." E. Dist. Local Rule 141(f).